IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEO MOORE,

     Plaintiff,

v.                          Civil Action No. 3:15cv515

COMMONWEALTH OF VIRGINIA
DEPARTMENT OF SOCIAL SERVICES

     Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Defendant's MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(5) AND 12(b)(6) (Docket No. 6). For the reasons stated below, Defendant's MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(5) AND 12(b)(6) (Docket No. 6) will be granted in part and denied, as moot, in part.

## PROCEDURAL BACKGROUND

### A. Moore's Complaint

Leo Moore ("Moore") alleges that the Commonwealth's Department of Social Services ("the Department") deprived him of due process of law by enforcing a child support order against him, as well as taking away his driver's license when he failed

to pay the ordered child support. (Docket No. 1).[1] In July 2015, Moore sent an "administrative affidavit of specific negative averment, opportunity to cure and counterclaim" to the Department's Division of Child Support Enforcement ("the Division"). (Docket No. 1, Ex. 1). Moore made several assertions:

(1) (A) The Division violated the Constitution by demanding Federal Reserve Notes rather than gold and silver, in violation of **U.S. Const.** Art. I, § 10; (B) the Division does not have authority over Moore, a sovereign under Yick Wo v. Hopkins, 118 U.S. 356 (1886); and (C) Moore was harmed when the Division had the DMV revoke Moore's driver's license for failure to pay.

(2) The Division, a fictitious entity, has no jurisdiction over Moore absent a contract between the Division and Moore.

(3) (A) The Division deprived Moore of life, liberty, and property without due process of law, and (B) Moore is

---

[1] Attached exhibits show that Moore was particularly aggrieved that an administrative judge twice dismissed Moore's request for a reduction of his support order, forgiveness of his arrears, and reinstatement of Moore's driver's license without holding a hearing at which Moore might speak to the administrative judge. (Docket No. 7, Exs. 3-4).

"not bound by any institutions formed by his fellowmen without his consent."

(4)   The Division is an artificial entity, and can only interact with other artificial entities (and not with Moore, a person).

(5)   By taking Moore's money and his driver's license, the Division damaged Moore's "ability to fulfill the contract I have with my child," a constitutional right.

(Docket No. 1, 1-3). Moore demanded that the Department and the Division refund all money taken and restore his driver's license as part of a "contract in admiralty." (Docket No. 1, 3).

In July 2015, the Newport News Department of Human Services forwarded Moore's demand to the Division. (Docket No. 1, Ex. 1, 3). It is unclear whether the Division took any action on the basis of that demand.

Moore filed his "Administrative Affidavit" in this Court, where the Clerk filed it on August 26, 2015. (Docket No. 1).

Moore's Administrative Affidavit refers several times to a suit dismissed against him. (Docket No. 1). Based on the Commonwealth's filings, it appears that:

(1)   On September 12, 2003, the Division of Child Support Enforcement entered an administrative child support order; on October 12, 2012, the Division issued a

modified administrative support order. (Docket No. 7, Ex. 1).

(2) In October 2013, the Newport News Juvenile and Domestic Relations District Court issued a show cause summons against Moore for failure to pay support (Docket No. 7, Ex. 2). The matter was continued in October 2013 and January 2014 and dismissed in April 8, 2014 (Docket No. 7, Ex 2).

(3) In October 2013, Moore requested a reduction in his support order (Docket No. 7, Ex. 1). The disposition of this action is unclear.

(4) In October 2014, Moore filed a Motion to Amend or Review Order, requesting removal of arrears and restoration of his driving privileges, on the grounds that his "due process rights were violated" by an administrative order "carried out" and "enforced" without an opportunity for him to speak in front of a judge (Docket No. 7, Ex. 3). Moore's case was dismissed on May 12, 2015. (Docket No. 7, Ex. 4).

## B. The Commonwealth's Motion to Dismiss

The Department filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6) (Docket No. 6) and

filed a Memorandum in Support (Docket No. 7) ("Def.'s Mtn. to Dismiss").

The Commonwealth stated several grounds for dismissal, indicating that each would independently be a sufficient ground for dismissal:

(1)  The Court lacks subject matter jurisdiction over domestic relations orders, including a state court's previous determination of child support issues. (Def.'s Mtn. to Dismiss 5) (relying on Ankenbrandt v. Richards, 504 U.S. 689 (1992); In re Burrus, 136 U.S. 586, 593-94 (1890)).

(2)  The Court lacks jurisdiction because the Rooker-Feldman doctrine bars district courts from sitting in direct review of state court decisions. (Def.'s Mtn. to Dismiss 5-7) (relying on District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923)).

(3)  As a state agency, suits against the Division are barred by sovereign immunity. (Def.'s Mtn. to Dismiss 7).

(4)  Virginia law provides that a plaintiff must serve process on the Attorney General to sue a state agency in tort. (Def.'s Mtn. to Dismiss 7) (relying on **Va. Code** §§ 8.01-300; 8.01-195.4).

5

(5)   Even construing Moore's claim as a 42 U.S.C. § 1983
      claim, Moore fails to state a claim upon which relief may
      be granted because: (A) the Division is not a "person" as
      required by § 1983 and is not amenable to a suit brought
      under § 1983; (B) Moore was not deprived of procedural
      due process, because he was never denied notice or an
      opportunity to be heard; (C) Moore was not deprived of
      substantive due process, because there was no proof of
      "conduct so arbitrary and egregious as to 'shock the
      conscience.'" (Def.'s Mtn. to Dismiss 8-10).

(6)   Moore failed to plead fraud with the particularity
      required by Fed. R. Civ. P. 9(b). (Def.'s Mtn. to Dismiss
      11).

## C. Moore's Opposition

Moore filed an "In Response Motion" (Docket No. 9),
reiterating several points and stating several new ones. In
summary, Moore argued that:

(1)   The Division has no jurisdiction over him.

(2)   The administrative order (the child support order) was an
      unconstitutional bill of attainder and void.

(3)   The Division did not address Moore's original filing
      "point for point" and should be held in default.

6

(4)  The Division made an incorrect factual finding in concluding, at some unspecified point in the various domestic proceedings, that Moore abandoned his son.

(5)  The decisions of administrative law judges are subject to review by state or federal courts following an exhaustion of all appeals.

(Docket No. 9, 3). To this, Moore attached evidence that he had sent an affidavit similar to Docket No. 1 to the Division of Social Services in 2012. (Docket No. 9, Ex. 1).

**ANALYSIS**

This Court cannot examine the substance of Moore's claims because the Court lacks jurisdiction under two significant doctrines: Rooker-Feldman and the domestic relations exception.

**A.  Rooker-Feldman Prohibits Federal District Courts from Reviewing State Court Decisions**

The Rooker-Feldman doctrine states that federal district courts lack jurisdiction to review state court decisions. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Rooker-Feldman is a jurisdictional doctrine rooted in the rule that a person who loses in a state court must appeal up through that state's appellate courts and, after making it through every level of

7

state appellate courts, seek review from the Supreme Court of the United States. Davani v. Virginia Dept. of Transp., 434 F.3d 712-717 (4th Cir. 2006); Jordahl, 122 F.3d 192, 202 (4th Cir. 1997). The Supreme Court of the United STates is the only federal court permitted to directly review state court decisions. Rooker, 263 U.S. at 416; Colonial First Properties, LLC v. Henrico Cty. Virginia, 166 F. Supp. 2d 1070, 1084 (E.D. Va. 2001). A person who loses in state court may not dodge the rule requiring him to work his way through state appellate courts and then to the Supreme Court of the United States by seeking review of the state court decision in a lower federal court such as this federal district court.

To prevent federal district courts from reviewing the decisions of state courts, Rooker-Feldman prohibits federal district courts from hearing cases where: (1) "in order to grant the federal plaintiff the relief sought, the federal court must … take action that would render the [state court] judgment ineffectual"; (2) where the allegations in the plaintiff's state pleadings "clearly implicate" the substance of the federal complaint; or (3) where the federal claims are "but an expansion" of the plaintiff's assertions in the state proceedings. Hurdle v. Virginia Dep't of Envtl. Quality, 227 F.

Supp. 2d 549, 556-58 (E.D. Va. 2002) aff'd sub nom. Hurdle v. Com. of Virginia, 53 F. App'x 256 (4th Cir. 2002).

To divest a federal court of jurisdiction, Rooker-Feldman requires the existence of four elements: "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains of 'injuries caused by state-court judgments;' (3) the state court judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff 'invit[es] district court review and rejection of those judgments.'" Willner v. Frey, 243 F. App'x 744, 746 (4th Cir. 2007) (relying on Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); see also Lance v. Dennis, 546 U.S. 459 (2006).

## 1. Moore lost in state court

Application of Rooker-Feldman requires that the state proceeding which gave rise to the plaintiff's grievance was a "judicial proceeding." Suarez v. McGraw, 125 F.3d 222, 228 (4th Cir. 1997) (noting that Rooker-Feldman applies only where plaintiff is seeking "review of, or relief from, a state action or proceeding that is essentially judicial in nature). Rooker-Feldman takes a broad view of what constitutes a "judicial

proceeding."[2] Whether a proceeding is judicial in nature depends not on the form but the proceeding, but the nature and effect of the hearing, as well as the character of the proceeding. Feldman, 460 U.S. at 481; Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 226-27 (1908). A proceeding is judicial in nature if the "judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist." Feldman, 460 U.S. at 477; see also Edmonds v. Clarkson, 996 F. Supp. 541, 545-48 (E.D. Va.) aff'd 165 F.3d 910 (4th Cir. 1998).

Moore seeks relief from an administrative action by the Commonwealth Division of Child Support Enforcement (Docket No. 7, 1) which was upheld and enforced by the Newport News Juvenile and Domestic Relations District Court. (Docket No. 7, Exs. 2-4). The Virginia Code characterizes the decisions of the juvenile courts as judicial proceedings, and mandates the use of procedures consistent with judicial proceedings in those courts. **Va. Code** § 16.1-227 ("This law shall be interpreted and construed so as to effectuate the following purposes .... To provide judicial procedures through which the provisions of this

---

[2] Under Rooker-Feldman, judicial proceedings encompass actions such as bar disciplinary proceedings. Motley v. Virginia State Bar, 403 F. Supp. 2d 468, 471-74 (E.D. Va. 2005), aff'd, 178 F. App'x 191 (4th Cir. 2006).

law are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other rights are recognized and enforced"). Moreover, the Juvenile and Domestic Relations Court did, in fact, declare and enforce Moore's liabilities, deciding facts in light of Virginia's existing laws. (Docket No. 7, Exs. 1-4). The Juvenile and Domestic Relations Court, in a judicial proceeding, rendered a judgment unfavorable to Moore, making him the sort of "state court loser" whom Rooker-Feldman says must travel through the state appellate courts, rather than jumping into a federal court. Accordingly, the first requirement for application of Rooker-Feldman is met.

## 2. The plaintiff complains of injuries caused by state-court judgments

Under the Rooker-Feldman doctrine, district courts may not hear "cases brought by state court losers" complaining about state-court judgments which were rendered before the federal district court proceedings commenced, and which ask the district court to review and reject those judgments. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005); see also Sartin v. Macik, 535 F.3d 284, 287 n.1 (4th Cir. 2008) ("the Rooker-Feldman doctrine only bars collateral attacks on state court judgments"); Davani, 434 F.3d at 719 (noting that Rooker-

Feldman applies where the state court ruling caused the injury alleged); Taylor v. I.R.S., No. 3:10CV619, 2011 WL 1348320, at *2 (E.D. Va. Apr. 8, 2011) ("This action falls squarely within Rooker-Feldman ... All of the claimed injuries stem from the state court's Order and the other agencies' enforcement thereof"). In other words, Rooker-Feldman applies when the federal district court is requested to pass upon the merits of a state court decision. Jordahl, 122 F.3d at 202; see also Smith v. Commonwealth of Virginia, No. 3:08CV800, 2009 WL 2175759, at *7-9 (E.D. Va. July 16, 2009), aff'd sub nom. Smith v. Virginia, 353 F. App'x 790 (4th Cir. 2009). Here, Moore alleges that the state court incorrectly concluded that he abandoned his child. Reviewing the state court's determination is explicitly prohibited under Rooker-Feldman.

Moreover, when a plaintiff asks a federal court to consider whether a state court's decision was unconstitutional, that is the same as asking the federal district court to review the state court decision. Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006). In addition, a federal district court may not review constitutional claims that are "inextricably intertwined with" state court decisions. Feldman, 460 U.S. at 483, n. 16. A federal or constitutional claim is "inextricably intertwined" with the state court judgment:

12

> if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment.

Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).

Here, Moore also asserts that his "due process rights were violated" by an order "carried out" and "enforced" without an opportunity to speak to a judge on the matter of reduction in support. (Docket No. 7, Exs. 1, 3-4). The constitutional claim is inextricably intertwined with the state court action in that granting Moore relief for the alleged violation would necessarily countermand the ruling of the state court. In other words, if this Court allowed Moore's federal case to proceed further, the Court would, as a practical matter, be sitting in judgment on the procedures of the state courts. Rooker-Feldman explicitly prohibits such review by a federal district court.

## 3. The state court judgment became final before the proceedings in federal court commenced

The state court action upon which Moore predicates his grievances (the Motion to Amend or Review) was terminated on May 12, 2015. (Docket No. 7, Exs. 3-4). This case commenced on

13

August 26, 2015. (Docket No. 1). The state court judgment became final before the proceedings in this federal court commenced.

## 4. Moore invites district court review and rejection of the state court judgment

As noted above, Moore's papers demand that the Department and the Division refund the money it has taken to satisfy his child support obligations and restore his driver's license. (Docket No. 1, 3). Granting this relief would negate the judgment of the state court – that Moore was required to pay such support – and, in so doing, review and reject the state court judgment. Such an outcome is prohibited by Rooker-Feldman.

## 5. Sub-Conclusion

As Rooker-Feldman envisions, the proper way for Moore to have obtained relief from the decision of which he complains was to have appealed through the state court system, up to the Supreme Court of Virginia, and then to petition for certiorari from the Supreme Court of the United States. The Supreme Court of the United States is the only federal court that may review state court decisions, and the only way to reach that Court is to appeal up through the state courts. E.g., Colonial First Properties, 166 F. Supp. 2d at 1084; Londono-Rivera v. Virginia, 155 F. Supp. 2d 551, 568 n. 13 (E.D. Va. 2001); Edmonds, 996 F. Supp. at 545-48. In the plainest terms: Moore ought to have

14

appealed this issue in the state courts, rather than bringing it to a federal district court. This Court cannot sit in judgment of a state court decision, and must dismiss the case for lack of subject matter jurisdiction.

## B. The Domestic Relations Exception Prohibits Federal District Courts from Deciding Child Support Issues

The "domestic relations" exception to the rules governing federal subject matter jurisdiction states that a federal court lacks jurisdiction over the subject matter of domestic relations — that is, over disputes arising from the relationships of spouses and children. Ankenbrandt v. Richards, 504 U.S. 598 (1992); Griessel v. Mobley, 554 F. Supp. 2d 597, 601-04 (M.D.N.C. 2008).[3] This long standing rule of federal jurisdiction rests on an understanding that state courts have expertise and administrative support which makes them — rather than federal courts — uniquely suited to adjudicating domestic relations disputes. Ankenbrandt, 504 U.S. at 702-04. The United States Court of Appeals for the Fourth Circuit considers child support disputes to fall within the domestic relations exception to

---

[3] There is a limited exception for federal courts to enforce already-finalized state court judgments. Griessel, 554 F. Supp. 2d at 601 (relying on Ankenbrandt, 504 U.S. at 701); see also United States v. Johnson, 114 F.3d 476 (4th Cir. 1997). This exception is inapplicable in this case, because Moore seeks modification and non-enforcement rather than plain enforcement.

federal subject matter jurisdiction. Cole v. Cole, 633 F.2d 1083, 1088 (4th Cir. 1980); Rahnema v. Mir-Djalali, 742 F. Supp. 927, 928 (E.D. Va. 1989); see also Wake Cty. Human Servs. v. Davis, No. 5:14CV4F, 2014 WL 820173, *7 (E.D.N.C. Mar. 3, 2014); El v. Barner, No. Civ. A. RWT-13-416, 2013 WL 597600, at *1-2 (D. Md. Feb. 14, 2013); Griessel, 554 F. Supp. 2d at 601-04; Briggman v. Virginia, Dep't of Soc. Servs., Div. of Child Support Enf't, 526 F. Supp. 2d 590, 598 (W.D. Va. 2007).

Moore's complaint requests relief from a state child support order, an arrearage assessment imposed by that order, and the collateral consequences of non-compliance with that child support order. Under the domestic relations exception, this Court lacks jurisdiction over child support issues, and must dismiss the case.[4]

### CONCLUSION

For the reasons stated above, Defendant's MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(5) AND 12(b)(6) (Docket No. 6) will be granted

---

[4] The Court dismisses entirely on lack of subject matter decision, and thus declines to reach the merits of Moore's claim. However, Moore is advised that the reasons he has given for not being subject to the decision of the Department, as enforced by the courts of Virginia, appear to be utterly frivolous. He is cautioned not to pursue utterly frivolous claims hereafter. To do so could result in the imposition of sanctions.

16

under Fed. R. Civ. P. 12(b)(1) for the reason that the court lacks subject matter jurisdiction. The motion will be denied as moot to the extent that it seems relief under Fed. R. Civ. P. 12(b)(5) and 12(b)(6).

It is so ORDERED.

                       /s/

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 25, 2016

17